**NOT RECOMMENDED FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-27-HRW

TERRY J. BENDER                                                                                    PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                                                         RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Terry J. Bender, a prisoner currently confined in the Federal Correctional Institution, in Ashland, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Record No. 2]. Petitioner Bender has paid the District Court filing fee of $5.00 [*Id.*].

This matter, the Petitioner's **fifth** (5th) habeas proceeding filed in this Court, is now ready for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines that it fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## CRIMINAL CONVICTION AND APPEAL

In his § 2241 Petition, Bender challenges his criminal conviction obtained in the United States District Court for the Northern District of Ohio at Cleveland. *See United States of America v. Terry J. Bender*, 1:93-CR-00044 ("the Trial Court"). Bender pled guilty to drug charges and received an enhanced sentence. More information about the criminal prosecution and result was published in his appeal. *See United States v. Bender*, 41 F.3d 1508 (6th Cir. 1994) (affirming Trial Court the federal trial court as to the plea agreement, Bender's convictions, and the enhanced sentence).

## CLAIMS ASSERTED IN CURRENT § 2241 PETITION

Bender challenges his Trial Court conviction and the sentence imposed. Summarized, he claims that the conviction and sentence violate his right to due process of law guaranteed under the Fifth Amendment of the United States Constitution. It appears that Bender is also asserting a Sixth Amendment claim, to the extent that he alleges that his attorney rendered ineffective assistance of counsel during the sentencing hearing in the Trial Court.

Bender claims the United States of America failed to abide by the terms of an alleged oral plea agreement which he claims that he reached in the Trial Court with the prosecuting federal attorneys. Bender claims that the alleged oral plea agreement required the government to forgo the 2-level gun enhancement added to his federal sentence. Bender also claims that his own attorney (whom he identifies as "Counselor Synenberg") "failed to inform the court or put on record the oral terms of the plea agreement that he and the government attorneys had agreed

upon." [Record No. 2, p.4]. Petitioner Bender attached excerpts of several proceedings which purport to be hearings held in the Trial Court.

In Section 5(c) of the current § 2241 Petition Form, the Court asked Bender the following question:

> "Have you filed, or do you contemplate filing, a petition attacking the judgment which imposed the sentence to be served in the future?"

Bender's marked a "No" response [Record No. 2, p.3].

## BENDER'S LITIGATION HISTORY

Petitioner Bender has filed several prior petitions seeking habeas relief under 28 U.S.C. § 2241, two of which he filed in this Court alone. The Court will not reiterate the history and disposition of these filings here, having recently done so in the most recent § 2241 proceeding which Bender filed in 2008, in the Ashland Division of this Court, being *Bender v. E.K. Cauley, Warden*, Ashland Civil Action No. 08-CV-66 (the undersigned, presiding) ("the 2008 Petition"). The Court takes judicial notice of the allegations contained in the 2008 Petition, and of the Court's disposition of the 2008 Petition.

In the 2008 Petition, Bender challenged not only his criminal conviction rendered in the Trial Court, but also, other adverse rulings rendered in related proceedings filed in the state courts of Ohio. On June 2, 2008, the Court entered a Memorandum, Opinion and Order denying the 2008 Petition and dismissing the habeas proceeding [*Id.*, Record No. 6].

In that Order, the Court discussed the history of Bender's various post-conviction filings in the federal court system, noting that the 2008 Petition was the **fourth** habeas proceeding which Bender had brought in this Court, and his **second** petition brought in this Court under 28

3

U.S.C. § 2241 [*Id*., p. 4]. The Court discussed Bender's pattern of collaterally challenging his criminal conviction via § 2241 petition without having first demonstrated this his Trial Court remedy, under 28 U.S.C. § 2255, had been inadequate and ineffective to test the legality of his detention [*Id*., pp. 1-4]. In dismissing the 2008 Petition (Bender's second § 2241 petition filed in this Court), the Court noted that Bender had <u>again</u> failed to demonstrate that his remedy in the Trial Court, under 28 U.S.C. § 2255, had been inadequate and ineffective for the purpose of testing the legality of his detention [*Id*., pp. 4-5].[1]

---

[1]

When it dismissed the 2008 Petition, the Court stated as follows:

"Bender has argued the merits of his claims, but he has failed to point to any authority for this Court to use its jurisdiction under 28 U.S.C. § 2241 to hear them. As the appellate court explained in affirming this Court's dismissal of Petitioner's first Section 2241 Petition, the only basis for using Section 2241 to obtain the relief which he seeks from his lengthy federal sentence is as follows:

> . . . Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756. This court has found § 2255 inadequate when a movant presents a credible claim of actual innocence that is not cognizable in a successive § 2255 motion. *See Martin*, 319 F.3d at 804.
>
> Bender has not satisfied his burden for two reasons. First, Bender does not cite an intervening change in the law which shows that he may be actually innocent. . . . Bender has had multiple opportunities to challenge his conviction and sentence. . . . [H]is asserted claims do not constitute actual innocence. *Id.*
>
> Second, Bender's remedy under § 2255 is not rendered deficient for any other reason . . . .

*Bender v. O'Brien*, 6th Cir. No. 05-5636, Order of February 6, 2006, at page 3 (unpublished) (found in Record No. 15 of *Bender v. O'Brien*, E.D. Ky. Case No. 05-CV-0026-HRW)."

*See Bender v. Cauley*, 08-CV-99-HRW [Mem. Op. & Ord., 6/2/08,Record No. 6, pp.4-5].

## DISCUSSION
### 1. Legal Requirements under 28 U.S.C. § 2241

As Petitioner Bender well knows, he is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the Trial Court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment was inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id.* at 758.

1. <u>Law Applied to Facts</u>

The Court will dismiss the instant § 2241 petition (Bender's third § 2241 petition filed in this Court, and his fifth habeas petition filed in all in this forum) for the same reason as it dismissed the 2008 Petition. In § 5(c) of his current Petition Form, Bender admitted that he did not pursue his current claims (that the government failed to abide by the terms of an alleged oral plea bargain which would have avoided the 2- point sentence enhancement, and that his attorney was deficient in not advising the Trial Court of the alleged oral plea bargain) through a petition filed in the Trial Court under 28 U.S.C. § 2255 [Record No. 2, p. 3]. Therefore, the Court concludes that Bender has not demonstrated that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to test his detention.

Petitioner Bender has failed to demonstrate that he is actually innocent under a new interpretation of an applicable criminal statute or that he has not had opportunities to make these challenges before or that his remedy by Section 2255 is inadequate or ineffective for any reason. The instant § 2241 petition will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that

(1)  Petitioner Bender's Petition for Writ of Habeas Corpus [Record No. 2] is **DENIED**.

(2)  This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This March 30, 2009.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge