UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-27-HRW

TERRY J. BENDER                                                                            PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                                                RESPONDENT

The Court considers the "Motion to Reconsider" [Record No. 7] filed by Terry J. Bender, the *pro se* petitioner herein. Bender seeks relief, under Fed. R. Civ. P. 59(e), from the Memorandum, Opinion and Order ("the Opinion and Order") and Judgement entered in this action on March 30, 2009 [Record Nos. 5 and 6].

PROCEDURAL HISTORY
1. The Opinion and Order [Record No. 5]

The Court will not reiterate either the claims or the procedural history of this proceeding, as they are set forth in detail in the Opinion and Order. In his § 2241 Petition, Bender challenged his criminal conviction and enhanced sentence, rendered obtained in the United States District Court for the Northern District of Ohio at Cleveland. *See United States of America v. Terry J. Bender*, 1:93-CR-00044 ("the Trial Court"). In a published opinion, Bender's conviction and enhanced sentence were upheld on appeal. *See United States v. Bender*, 41 F.3d 1508 (6th Cir. 1994) (affirming the Trial Court as to the plea agreement, Bender's convictions, and the enhanced sentence).

Summarized, in the instant proceeding, the Court dismissed Bender's § 2241 petition. In the Opinion and Order, the Court determined that to the extent that Bender had argued that the Trial Court failed to abide by the terms of an alleged plea agreement, which resulted in his sentence being enhanced by two points, Bender's § 2241 petition was essentially a challenge to his conviction and enhanced sentence handed down in the Trial Court.

In the Opinion and Order, the Court explained to Petitioner Bender that he is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the Trial Court, unless he could prove that his remedy by a §2255 motion in the Trial Court, to vacate, alter, or amend the judgment, was inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

The Court determined that Bender had failed to raise these specific issues in a § 2255 motion in the Trial Court. Accordingly, Bender had failed to demonstrate that his § 2255 remedy was an inadequate and ineffective means by which to test the validity of his detention.[1]

2. Bender's "Motion to Alter or Amend" [Record No. 7]

In his current "Motion to Reconsider," Bender argues that he is not precluded from seeking relief under § 2241. Specifically, he contends he is, in fact, challenging the manner in which his federal sentence is being executed. In support of his argument, Bender cites two cases, *Cohen v. United States*, 593 F.2d 766 (6th Cir. 1979) and *Peak v. Petrovsky*, 734 F.2d 402 (8th

---

[1] In the Opinion and Order, the Court further noted that it had been require to reach the same result in another prior § 2241 habeas petition which Bender had previously filed in this Court, *Bender v. E.K. Cauley, Warden*, Ashland Civil Action No. 08-CV-66 (the undersigned, presiding).

2

Cir. 1984). Petitioner Bender argues that both cases hold that a § 2241 petition is the proper procedural vehicle for claiming that the federal government breached the terms of an alleged plea bargain agreement, where the alleged breach adversely affects the manner in which the prisoner's sentence is being executed.

## DISCUSSION
### 1. Standards for Rule 59(e) Motion

Under Rule 59(e), there are three grounds for a court to amend its judgment. Amendment is warranted only if the movant shows "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003) (citing *GenCorp v. AIU*, 178 F.3d 804, 834 (6th Cir. 1999)). Reconsideration may also be appropriate where the court fundamentally misapprehended the nature of the issues raised by the parties. *Cf. Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Conversely, a motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *See Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). *See*, *e.g.*, *Prater v. Con-Rail*, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003) (denying reconsideration of order excluding physician's testimony, as movant could have presented evidence of his qualifications in opposing motion in limine but failed to do so). As discussed below, the Court will not set aside the Opinion and Order in this case.

3

2. Application of Rule 59(e)Standards to Facts

Petitioner Bender has adopted an overly simplistic interpretation of both the *Cohen* and the *Peak* cases, and has incorrectly concluded that those cases apply to him. Neither case assists Bender, because both cases are factually dissimilar to the claims he is asserting in this action.

In *Cohen*, the issue was not that the government had failed to live up to the terms of a plea agreement. Instead, the issue was what the effect of the alleged failure to abide by the plea agreement was as regards to certain information to be provided to parole authorities. *See Cohen*, 593 F.2d at 767. The Sixth Circuit noted, "[a]lso inherent in the case is the question of the affect which the alleged breach would have on the petitioner's right to parole."*Id*.

Cohen's counsel had actively been seeking favorable parole status on Cohen's behalf pursuant to the terms of the plea agreement at issue in that case. The *Cohen* court described the germane issue, in the context of the relevant case-law, by stating as follows:

> The decision in *Wright* [*v. United States Board of Parole*, 557 F.2d 74, 77 (1977] (as well as the holdings in *DiRusso*, *Gomori*, *Zannino* and *Lee*) (citations omitted) pertained to a challenge to actions of the Parole Board. The only distinction between *Wright* and this action is that in *Wright* the challenge was to acts of the Parole Board alone whereas in this case the conduct of the Parole Board is inextricably intertwined with that of the prosecuting attorney.

*Cohen*, 593 F.2d at 771.

Similarly, the issue involved in the *Peak* case was essentially the same as the issue raised in *Cohen*. In *Peak*, the petitioner had argued as follows:

> ". . . [b]y permitting **the Parole Commission** to consider the charges dismissed with prejudice, the Government broke the agreement which induced his guilty plea . . .According to Peak, the Commission's use of the dismissed charges in effect eliminated the implied and anticipated benefit of the agreement, and indirectly allowed **the Commission** to do what the Government promised not to do."

4

*Peak*, 734 F.2d at 405 (emphasis added).

Citing *Cohen*, the Eighth Circuit concluded that Peak was claiming that because of the Government's breach of the plea agreement, the manner of execution of his sentence was unlawful, vis-a vis the adverse action being taken by the Parole Commission. *Id*. The *Peak* court therefore concluded that Peak's claim was properly presented under § 2241. *Id*., at n.6.

There is no dispute that Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or, like the *Cohen* and *Peak* cases, parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). However, unlike the factual situations in *Cohen* and *Peak*, Petitioner Bender is **not** challenging the manner of execution of his sentence. Petitioner Bender is **not** asserting a legitimate § 2241 claim involving either the Parole Board or his eligibility for parole. In fact, Bender does not even mention parole, or parole eligibility, in his § 2241 petition.

In the instant § 2241 petition, Bender's claim was strictly limited to his objection to the fact that the Trial Court had erroneously applied the Sentencing Guidelines and erroneously applied a two-point gun enhancement to his sentence. Here, Bender claimed that the Trial Court had violated his Fifth Amendment right to due process of law by applying that two-point enhancement. He also claimed that his attorney's performance had been so deficient that it amounted to a violation of his Sixth Amendment right to adequate defense counsel.[2]

Review of Bender's § 2241 petition reveals that his Fifth and Sixth Amendment challenges went to the heart of his conviction and enhanced sentence in the Trial Court, **not** to

---

[2] Petitioner Bender's claimed that both at trial on direct appeal, his attorney failed to object to the "2-Level gun enhancement pursuant to USSG 2D1.1(b)(1)" [*See* Record No. 2, p.8].

5

the manner in which his sentence is being executed. *See Easley v. Stepp*, 5 Fed. Appx. 541, 452 2001 WL 252891 (7th Cir. (Ill.)) (challenges to applications of specific sentencing guidelines have procedural postures different from a petition for writ of habeas corpus under 28 U.S.C. §2241). For that reason, the Court properly ruled that under *Charles v. Chandler*, Bender's prior failure to avail himself of his § 2255 remedy in the Trial Court precludes him from asserting those claims anew in the instant § 2241 petition.

The Court determines that there is no basis under Fed. R. Civ. P. 59(e) to reconsider, alter or amend the Opinion and Order, as requested by Petitioner Bender. His motion will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the "Motion to Reconsider"[Record No. 7], filed by Petitioner Terry J. Bender, is **DENIED**.

This April 23, 2009.

``                              J



Signed By:
Henry R Wilhoit Jr.
United States District Judge